# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5023 | **DATE** | 8/28/2000 |
| **CASE TITLE** | S.E.C. vs. BARZILAY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The SEC's 1st motion to strike [20-1] is granted and 2nd motion to strike[26-1] is granted in part. (1)Rubinov's 2nd and Salgan's 3rd defense of improper venue; (2)Rubinov's 3rd defense regarding lack of knowledge; and (3) Salgan's 4th defense regarding disgorgement are stricken with prejudice. The Feldman defendants' 2nd defense regarding estoppel is stricken without prejudice. The Court holds in abeyance the SEC's motion to strike the Feldman defendants' request to transfer venue and orders the parties to submit position papers with affidavits within 14 days of this opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 29 2000 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 4r |
| | Mail AO 450 form. | FD-7 FILED FOR DOCKETING | docketing deputy initials |
| | Copy to judge/magistrate judge. | 00 AUG 28 PM 4: 26 | |
| TBK | courtroom deputy's initials | | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Judge Ronald A. Guzman ) |
| KFIR BARZILAY, et al. | ) 99 C 5023 ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Securities and Exchange Commission ("SEC") has brought this action against defendants Rubinov, Salgan, Feldman, Kaminsky, Zhigun and five others for alleged violations of federal securities laws. Defendants Rubinov and Salgan each filed separate answers to the Complaint. Defendants Feldman, Kaminsky, and Zhigun filed a joint answer to the Complaint. The SEC filed two separate motions to strike the affirmative defenses listed in the three separate answers. For the reasons stated below, both motions are granted.

### Facts

The SEC alleges that defendants David Rubinov ("Rubinov"), Ernest Salgan ("Salgan"), Oleg Feldman ("Feldman"), Stanslav Kaminsky ("Kaminsky"), Garri Zhigun ("Zhigun") and five others violated several provisions of the federal securities laws. (Compl. ¶ 2.) Defendants were registered representatives of W.J. Nolan & Co. ("Nolan"), a broker-dealer registered with the SEC. *Id.* Four of the defendants are alleged to have violated the federal securities laws while working out of Nolan's Chicago office. (Compl. ¶¶ 10-13.) Six of the defendants, including the five defendants relevant to the instant motions, are alleged to have violated the federal securities laws while working out of Nolan's New York City office. (Compl. ¶¶ 14-19.)

Rubinov filed a separate answer to the Complaint claiming four affirmative defenses. (Rubinov Answer ¶¶ 68-71.) Also, Salgan filed a separate answer to the Complaint claiming four affirmative defenses. (Salgan Answer at 19-20.) Defendants Feldman, Kaminsky and Zhigun ("the Feldman defendants") filed a joint answer to the Complaint claiming three affirmative defenses. (Feldman, Kaminsky, & Zhigun ("Feldman Defs.") Answer at 4.)

The SEC filed a motion to strike Rubinov's second, third, and fourth[1] affirmative defenses. (Pl.'s Mot. Strike Affirm. Defenses Rubinov & Salgan ("Pl.'s 1st Mot. Strike") ¶¶ 2-4.) By way of the same motion, the SEC moved to strike Salgan's third and fourth affirmative defenses. (Id. ¶¶ 7-8.) The SEC filed a separate motion to strike Feldman, Kaminsky, and Zhigun's first and second affirmative defenses. (Pl.'s Mot. Strike Affirm. Defenses Feldman, Kaminsky, & Zhigun ("Pl.'s 2nd Mot. Strike") ¶¶ 2-4.)

## DISCUSSION

Federal Rules of Civil Procedure 12(f) provides that "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Ordinarily, defenses will not be stricken if they are sufficient as a matter of law or if they present questions of law and fact. *Id.* Since affirmative defenses are subject to the Federal Rules of Civil Procedure, they must set forth a "short and plain statement" of the defense, and if an affirmative defense is insufficient on its face or comprises no more than "bare bones conclusory allegations" it must be stricken. *Id.* at 1294-95.

---

[1] The SEC has moved to strike Rubinov's fourth affirmative defense that he acted in good faith. (Pl. 1st Mot. ¶ 5). In his Memorandum in Opposition to the SEC's motion, Rubinov does not oppose the motion to strike this affirmative defense. (Def. Rubinov's Mem. Opp. Comm. Mot. at 1). Therefore, the SEC's motion to strike this defense is granted.

First, the Court will address the affirmative defense of improper venue that was common to Rubinov, Salgan, Feldman, Kaminsky and Zhigun's answers to the Complaint. Second, the Court will address Rubinov's affirmative defense that he lacked sufficient knowledge of the facts by reason of which the liability of other defendants is alleged to exist. Third, the Court will address Salgan's affirmative defenses that the funds for which disgorgement is sought were obtained by others. Fourth, the Court will discuss Feldman, Kaminsky, and Zhigun's estoppel defense.

## I.     Affirmative Defense that Venue Is Improper or Should Be Transferred

The Court first addresses whether Rubinov and Salgan's affirmative defense of improper venue should be stricken. In particular, Rubinov's second affirmative defense states that "[t]his matter is improperly situated in the Northern District of Illinois," Rubinov Answer ¶ 69, and Salgan's third affirmative defense states that "[t]he Northern District of Illinois is not the proper venue for the instant action," Salgan Answer, Affirm. Defenses ¶ 3.

Venue in this action is governed by Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa. Under these acts, venue is generally proper in a federal district that a defendant inhabits, or in which he transacts business, or may generally be found. *Burkhart v. Allson Realty Trust*, 363 F. Supp. 1286, 1292 (N.D. Ill. 1973).

The SEC concedes that if charged alone, the five defendants, Rubinov, Salgan, Feldman, Kaminsky, and Zhigun, who worked out of Nolan's New York office, would not meet the general requirements of these statutes to make venue proper in the Northern District of Illinois. However, in securities cases with multiple defendants, courts have expanded this statute to find venue sufficient for all defendants in a district where any act by any defendant in furtherance of a common scheme occurred. *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1318 (9th Cir. 1985); *Wyndham Assocs. v.*

3

*Bintliff*, 398 F.2d 614, 620 (2d Cir. 1968); *Stuart-James Co., Inc. v. Rossini*, 736 F. Supp. 800, 805-07 (N.D. Ill. 1990); *Burkhart*, 363 F. Supp. at 1292-93; *Latigo Ventures v. Laventhol & Horwath*, No. 85 C 9584, 1987 WL 4851, at * 8 (N.D. Ill. May 21, 1987). In order to avoid unnecessary multiplicity of suits and fragmentation of issues, 15 U.S.C. § 78aa should be read as providing that venue is proper in any district where it is alleged that any one defendant has committed acts which are violative of the securities regulations and in furtherance of an alleged illegal scheme. *Burkhart*, 363 F. Supp. at 1292-93. This theory is commonly called the "co-conspirator venue theory" but does not require a specific charge of conspiracy to be applicable. *Securities Investor*, 764 F.2d at 1318. The facts in the complaint need only show a nexus between the defendants and the scheme in which the defendants, as to whom venue is proper, were involved. *Washington Public Utils. Group v. United States Dist. Court*, 843 F.2d 319, 328 (9th Cir. 1987).

In his memorandum, Salgan cites cases where the complaints included a claim for civil conspiracy in an attempt to argue that a conspiracy claim is required for the co-conspirator venue theory to be applicable. However, the existence of a conspiracy claim in a few cases where courts applied the co-conspirator venue theory does not mean that a conspiracy claim is essential for venue to be proper. The Ninth Circuit in *Securities Investor Protection Corp. v. Vigman* endorsed the co-conspirator venue theory without stating that a substantive charge of conspiracy was required. 764 F.2d at 1317. The court merely required that a "common scheme of acts or transactions in violation of the securities statutes" be present for the co-conspirator venue theory to be applied. *Id.*

Salgan also relies on *Washington Public Utilities Group v. United States District Court* to infer that that court required a charge of conspiracy in ruling that the co-conspirator venue theory applied. 843 F.2d 319. However, the full quotation from that case states: "The facts alleging the conspiracy are found in the complaint and need only show a nexus between the defendants and the scheme in which the defendants, as to whom venue is proper, were involved." 843 F.2d at 328. The court does not state that a

4

conspiracy charge is required for the co-conspirator venue theory to be applied. It is clear that the *Washington* court was relying on the presence of facts in the complaint that alleged a common scheme and the nexus between the other defendants as to whom venue was proper. The court simply used the word "conspiracy" to refer to the common scheme between the defendants.

Salgan further relies on *Burkhart v. Allson Realty Trust* to argue that a conspiracy charge is required to support the co-conspirator venue theory. 363 F. Supp. at 1287-90. *Burkhart*, however, does not support this argument. The defendants in that case were charged with violating federal and state securities regulations including the sale of unregistered securities and fraud. *Id.* Although the complaint in that case alleged that the defendants conspired together and engaged in a common plan to sell unregistered securities, a substantive claim of conspiracy was not included in the complaint. *Id.* The court found the co-conspirator venue theory applied because acts by some defendants occurred in the forum district in furtherance of the alleged illegal scheme. *Id.* at 1293.

In the case at bar, the SEC alleges that the Chicago and New York defendants participated in a common scheme to defraud investors. It is undisputed that venue is proper for four of the defendants who operated out of Nolan's Chicago office. The SEC alleges that the Chicago and New York defendants engaged in a common pattern of sales practice abuses, including: (1) placing incorrect information on customer new account forms regarding investment objectives and risk tolerance; (2) buying a blue chip stock as an initial transaction in the new account; (3) selling that blue chip stock and purchasing highly speculative unsuitable microcap stocks; (4) aggressively marketing to customers the same thinly-traded microcap stock that W.J. Nolan made a market in; and (5) churning accounts where the customers were generally unsophisticated. (Compl. ¶ 20-33.) Since the SEC alleges the New York defendants were involved with the Chicago defendants in the same scheme to defraud investors, the co-conspirator venue theory applies against the New York defendants and venue is proper in the Northern District of

Illinois.

Lastly, Feldman, Kaminsky, and Zhigun's first affirmative defense in the joint answer of defendants states that "this case should be dismissed or transferred to the Southern District of New York as to Messrs. Feldman, Kaminsky, and Zhigun pursuant to the doctrine of *forum non conveniens* and 28 U.S.C. Section 1404." (Feldman Defs.' Answer at 4.) In a Minute Order of May 23, 2000, the Court entered a default order as to all of the Chicago defendants and thus the issue of whether the case should be transferred is ripe for discussion. Unfortunately, neither of the parties have adequately addressed the numerous factors a court may consider when determining whether to transfer venue. *See, e.g., Barnes v. Rollins Dedicated Carriage Servs., Inc.*, 976 F. Supp. 767, 768 (N.D. Ill. 1997). The Court therefore orders the parties to submit position papers regarding this issue within fourteen days of the date of issuance of this opinion. The parties should produce affidavits as to the location and mobility of witnesses. *Walker v. Carnival Cruise Lines, Inc.*, No. 87 C 115, 1987 WL 19554, at *8 (N.D. Ill. Nov. 5, 1987). Thus, the Court holds in abeyance the SEC's motion to dismiss Feldman, Kaminsky, and Zhigun's request for a transfer of venue.

## II. Rubinov's Affirmative Defense That He Lacked Knowledge of Facts by Reason of Which the Liability of the Other Defendants Exists.

Rubinov's third affirmative defense states that he "had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which the liability of the other defendants is alleged to exist". (Rubinov's Answer ¶ 70.) Unfortunately for Rubinov, this defense is invalid.

Count IV of the Complaint is entitled "Aiding and Abetting Violations of Section 17(a) of the Exchange Act [15 U.S.C. § 78q(a)] and Rule 17a-3 thereunder [17 C.F.R. 240.17a-3]." Count IV alleges that Nolan, a registered broker-dealer, violated the recording provisions of the Exchange Act by maintaining false customer records

6

concerning such things as the customers' age, net worth, investment objectives, and risk tolerance. (Compl. ¶ 63.) The SEC alleges that defendants aided and abetted Nolan's violation of the Exchange Act by their own conduct, which included, among other things, creating false records for their own customers. *Id.* at ¶ 64.

"Section 17(a)(1) of the Exchange Act requires that brokers and dealers make, keep, and furnish such records and reports as the Commission, by rule, prescribes as necessary and appropriate in the public interest and for the protection of investors." *SEC v. Drexel Burnham Lambert Inc.*, 837 F. Supp. 587, 610 (S.D.N.Y. 1993). Because Section 17(a) of the Exchange Act is directed at registered broker-dealers, "only a broker dealer itself can violate the provision, but other persons may aid and abet such violations." *SEC v. Kimmes*, 799 F. Supp. 852, 860 (N.D. Ill. 1992). Further, "[s]cienter need not be shown to prove a violation of section 17(a)(1) of the Exchange Act and the rules thereunder." *Id.*

Thus, it is clear that the claimed affirmative defense is insufficient because Rubinov's knowledge of another defendant's conduct is irrelevant as to whether he aided and abetted Nolan's violation of the recording requirements in Section 17(a) and Rule 17a-3 with regard to his own customers. Rubinov fails to cite to any case law in support of the validity of this defense and the Court finds none. Therefore, SEC's motion to strike Rubinov's third affirmative defense is granted.

### III. Salgan's Affirmative Defense That Funds for Which Disgorgement Is Sought Were Obtained by Other Defendants.

Salgan's fourth affirmative defense states that "the funds for which disgorgement is sought, if obtained by fraud, were obtained by means of the acts or omissions of persons other than the defendant." (Salgan's Answer at 20.) Salgan misunderstands the allegations in the Complaint.

Salgan's fourth affirmative defense fails for the same reasons that the Court grants

7

the SEC's motion to strike Rubinov's third affirmative defense. As discussed above, in Count IV, the SEC has alleged that Nolan, as a registered broker-dealer, violated the recording provisions of Exchange Act, and that defendants aided and abetted this violation. *See SEC v. Kimmes*, 799 F. Supp. at 860. The SEC has alleged that Salgan aided and abetted Nolan's violation of the Exchange Act by maintaining false records of his own customers. (Compl. ¶ 64.) Thus, the SEC seeks disgorgement of funds as a result of his own participation in the fraudulent activities that caused the funds to be fraudulently obtained. Therefore, Salgan's fourth affirmative defense is stricken with prejudice.

### IV. Defendants Feldman, Kaminsky, and Zhigun's Estoppel Affirmative Defense

Feldman, Kaminsky, and Zhigun's second affirmative defense states that "the SEC is estopped from pursuing this action against Messrs. Feldman, Kaminsky, and Zhigun because Commission staff contrived to elicit customer 'complaints' from persons who, without invitation by the SEC staff to complain, had no bona fide damages, harm or other grievance caused by them." (Feldman Defs.' Answer at 4.) Without citing a single case to support their argument, these defendants claim that the SEC's motion to strike this defense is disingenuous and premature. (Feldman Defs.' Br. Opp'n Mot. at 4.)

To prevail on an estoppel defense against a private plaintiff, a defendant must allege and prove that a plaintiff made a material representation upon which the defendant relied on to his or her detriment. *General Electric Capital Corp. v. Armadora, S.A.*, 37 F.3d 41, 45 (2d Cir. 1994). Defendant's burden is greater when they seek to assert the defense against the government. *Office of Personnel Management v. Richmond*, 496 U.S. 414, 419 (1990). To succeed on an affirmative defense based on estoppel against the SEC, defendant must prove that the government's conduct was egregious and that the resulting prejudice to the defendant was of constitutional magnitude. *SEC v. McCaskey*, 56 F. Supp. 2d 323, 326 (S.D.N.Y. 1999).

In the context of a civil enforcement action by the SEC, some courts have flatly rejected the estoppel defense because the SEC may not waive the requirements of an act of Congress. *SEC v. Keating*, No. CV91-6785 (SVW), 1992 WL 207918, at *3 (C.D. Cal. July 23, 1992). However, whether this Court should recognize an estoppel defense against the SEC is an issue for another day. Even if the Court were to recognize the invocation of estoppel against the SEC, defendants' affirmative defense is insufficient as a matter of law because they fail to plead the required elements. The Feldman defendants have not alleged that the SEC made a material representation upon which they relied on to their detriment. Furthermore, these defendants do not claim that the SEC's conduct during its investigation was egregious and that the resulting prejudice to the defendants was of constitutional magnitude. Therefore, the Feldman defendants' estoppel defense is stricken without prejudice.

## CONCLUSION

The SEC's 1st motion to strike [20-1] is granted and 2nd motion to strike [26-1] is granted in part. (1) Rubinov's 2nd and Salgan's 3rd defense of improper venue; (2) Rubinov's 3rd defense regarding lack of knowledge; and (3) Salgan's 4th defense regarding disgorgement are stricken with prejudice. The Feldman defendants' 2nd defense regarding estoppel is stricken without prejudice. The Court holds in abeyance the SEC's motion to strike the Feldman defendants' request to transfer venue and orders the parties to submit position papers with affidavits within 14 days of this opinion.

SO ORDERED 8/28/00    ENTERED:

HON. RONALD A. GUZMAN
United States Judge

9