Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 5023 | **DATE** | 2/13/2001 |
| **CASE TITLE** | SEC vs. BARZILAY, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion to transfer forums pursuant to 28 U.S.C. Section 1404(a) is denied. Status hearing set for 2/23/01 at 9:30a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | FEB 1 4 2001 | |
| | Notified counsel by telephone. | date docketed | 54 |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TBK | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) 99 C 5023 ) |
| v. | ) ) Judge Ronald A. Guzman ) |
| KFIR BARZILAY, EUGENE BEIGELMAN, YAN DIKSKTEYN, OLEG FELDMAN, BORIS FIDLER, STANSLAV KAMINSKY, LAWRENCE PROSS, DAVID RUBINAOV, ERNEST SALGAN, and GARRI ZHIGUN. | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

DOCKETED
FFB 1 4 2001

## MEMORANDUM OPINION AND ORDER

The Securities and Exchange Commission ("SEC") has brought this action against defendants Barzilay, Diksteyn, Fidler, Pross, Rubinov, Salgan, Feldman, Kaminsky, Zhigun, and Beigelman[1] for alleged violations of federal securities laws. Defendants Feldman, Kaminsky, Zhigun and Salgan ("defendants") have requested this court pursuant to 28 U.S.C. § 1404 to transfer venue from the Northern District of Illinois to the Southern District of New York. For the reasons stated below, the motion is denied.

---

[1] Beigelman has not filed an answer and has not joined in the motion before the Court.

## FACTS

The SEC alleges that defendants violated several provisions of the federal securities laws. Defendants were registered representatives of W.J. Nolan & Co. ("Nolan"), a broker-dealer registered with the SEC. Defendants are alleged to have violated the federal securities laws while working out of Nolan's New York office. At the outset of this case, there were four Chicago defendants that the SEC alleged had violated the federal securities laws while working out of Nolan's Chicago office. With these facts, the SEC chose the Northern District of Illinois as the forum to bring this case. Subsequently, in a Minute Order of May 23, 2000, the Court entered a default order as to all of the Chicago defendants. In a Memorandum Opinion and Order entered on August 28, 2000, this Court found that venue was proper in this district. However because defendants had raised an issue pursuant to 28 U.S.C. § ("section") 1404 regarding whether this district was convenient and neither side had briefed the issue, the Court asked for additional briefing regarding whether transfer pursuant to section 1404 was appropriate.

## DISCUSSION

According to section 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. A section 1404(a) motion to transfer venue is appropriate only if: (1) venue is proper in both the transferor and transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice. *Vandeveld v. Chistoph,* 877 F. Supp. 1160, 1167 (N.D. Ill. 1995).

The party seeking to transfer venue "has the burden of establishing . . . that the transferee forum is clearly more convenient." *Coffey v. Van Dorn Iron Works*, 796 F. 2d 217, 219-20 (7th Cir. 1986). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Id.* at 219. As discussed in its August 28, 2000 Memorandum and Opinion Order, venue is proper in any district where it is alleged that any one defendant has committed acts which are violative of the securities regulations and in furtherance of an alleged illegal scheme. This Court has already determined that venue is proper in this district, and because some of the defendants have committed such acts in New York, it necessarily follows that venue is also proper in the Southern District of New York. Therefore, the only issues that remain to be decided pertain to the convenience of parties and witnesses and the interests of justice.

### A. CONVENIENCE OF PARTIES AND WITNESSES

When evaluating the convenience of the parties and witnesses, we consider: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the availability of evidence in each forum; and (4) the convenience to the parties of litigating in the respective forums. *College Craft Cos. Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995).

*Plaintiff's Choice of Forum and Site of Material Events*

Plaintiff chose the Northern District of Illinois to litigate this case. Generally, the plaintiff's choice of forum is given substantial weight. There is a "strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private

and public interest factors clearly point towards trial in the alternative forum." *Macedo v. Boeing Co.*, 693 F.2d 683, 688 (7th Cir. 1982).

In respect to the site of material events, defendants worked out of Nolan's New York office. However, defendants allegedly defrauded investors throughout the country from California to New York. In fact, four of the defendants' investors are located in California, two in Arizona, three in Minnesota, three in Ohio, five in New York, three in Virginia, and the remaining are scattered throughout the country. Thus, this factor neither favors nor disfavors the transfer of venue to New York.

### *Availability of Evidence and Convenience of the Parties*

Given the dispersion of Nolan's customers throughout the country, the convenience of most of these customers with regard to evidence and testimony does not weigh in favor of either New York or Chicago. However, the SEC in an affidavit names two allegedly defrauded customers that will testify in person at trial in Chicago, but are unwilling to do so at trial in New York. Defendants, on the other hand, in supportive affidavits name none other than themselves. Defendants in their briefs only make vague and limited arguments as to potential documents or witnesses that "may" be available in New York. Although this may be true, defendants need to state more precisely the type and quality of information and witnesses that will be available to them in New York rather than Chicago. This Court will not merely assume that New York is clearly a better forum to litigate this case if the party requesting transfer does not properly and convincingly demonstrate to this Court why the case should be transferred to New York.

"It is not the obligation of this court to research and construct legal arguments open to parties." *Sanchez v. Miller,* 792 F.2d 694, 703 (7th Cir. 1986).

Defendants in support of their motion to transfer this case to New York cite, at the end of their briefs, to one case—*SEC v. Page Airways, Inc.,* 464 F. Supp. 461 (D.D.C. 1978). This case is clearly distinguishable from *SEC v. Page* in that out of sixty-four potential witnesses listed by the defendants in *Page,* twenty-five resided in the district where the case was requested to be transferred. In this case we know of no witnesses on behalf of defendants, besides the defendants themselves, who will be inconvenienced if this case was to take place in Chicago rather than New York. On the other hand, the SEC refers to two witnesses who will be inconvenienced and who will not testify in person in New York. The fact that transferring the case would make access to these witnesses less convenient for plaintiff readily distinguishes this case from *SEC v. Page.* Therefore, due to the lack of substantial and concrete demonstration on behalf of the defendants as to how they will be inconvenienced in this district, and the affirmative harm due to the transfer demonstrated by the SEC, this factor weighs in favor of denying the motion to transfer.

## B. INTERESTS OF JUSTICE

The interests of justice component concerns the "efficient administration of the court system." *Coffey,* 796 F. 2d at 221. It "embraces traditional notions of judicial economy, rather than the private interests of the litigants and their witnesses." *TIG Ins. Co. v. Brightly Galvanized Prods., Inc.,* 911 F. Supp. 344, 346 (N.D. Ill. 1996). "It includes such considerations as (1) the speed at which the case will proceed to trial; (2)

the court's familiarity with the applicable law; (3) the desirability of resolving controversies in their locale; and (4) the relation of the community to the occurrence at issue." *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 834 (N.D. Ill. 1999).

Due to the fact that the allegedly defrauded investors are spread throughout the country, neither New York nor Illinois has a strong relation to this litigation and it cannot be said that it would be more desirable to resolve the controversies in New York rather than Illinois or vice versa. Further, this Court believes that the Northern District and the Southern District of New York are equally familiar with the applicable law. However, as the SEC points out this case is likely to proceed to trial quicker in this district than in the Southern District of New York. As of December 31, 1999, there were 375 pending cases per judge in the Northern District of Illinois versus 530 in the Southern District of New York. Thus, this factor weighs ever so slightly in favor of denying the motion to transfer.

In sum, defendants have failed to meet their burden and have not demonstrated that proceeding in the Southern District of New York would clearly be more convenient. For the reasons stated, the Court finds that the factor of convenience of the parties and witnesses weighs in favor of proceeding with the litigation in this district. Additionally, the interests of justice analysis weighs slightly in favor of proceeding in this district. Therefore, defendants' motion to transfer the case pursuant to section 1404 is denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to transfer forums pursuant to 28 U.S.C. § 1404(a) is denied.

**SO ORDERED**                              ENTERED: 2/13/01

*Ronald A. Guzman*

**HON. RONALD A. GUZMAN**
**United States Judge**